IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD C. COTTON, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-364-JPG-DGW |
| | ) |
| CORRECTIONAL OFFICER WALTERS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion for Summary Judgment filed by defendant Correctional Officer Walters,[1] on November 16, 2016 (Doc. 33). For the reasons set forth below, the Motion is **GRANTED**.

### INTRODUCTION

On April 2, 2015, plaintiff Leonard C. Cotton, Sr., filed a 42 U.S.C. § 1983 complaint alleging that his constitutional rights were violated while he was incarcerated as a pretrial detainee at the St. Clair County Jail (Doc. 1). Cotton alleged that Walter, a correctional officer, used excessive force when he trapped Cotton's arm and wrist in the bars of his cell door causing pain and injury.[2] Walter timely filed a motion for summary judgment along with a notice pursuant to Federal Rule of Civil Procedure 56 informing Cotton of the contents of Rule 56 and his obligation to file a response by the deadline. Cotton failed to file a response by the December 1, 2016,

---

[1] The defendant's full and proper name is Eric Walter.

[2] Cotton made other allegations related to the conditions of his confinement. Those claims were severed from this suit and are currently proceeding in a separate suit, *Cotton v. Watson*, 3:15-cv-477-JPG-DGW (Doc. 7).

deadline.  The Court deems the failure to file a response to be an admission of the merits of the motion.

## BACKGROUND

The undisputed evidence reveals that on February 5, 2015, Cotton's arm and wrist (along with his cellmate, Waddell Savage) were caught in the bars of his cell door while Walter was operating the system that mechanically opened and closed the cell doors.  The incident happened in the morning when the inmates in Cotton's cell block were directed to exit their cells in order to go down to the dayroom in order to collect their breakfast trays.  There is no evidence that Walter intentionally or even recklessly operated the cell door in order to cause injury to Cotton.

On February 5, 2015, Cotton was housed in cell 3 of cellblock H (Doc. 33-2, pp. 20, 21).  Around 6:30 or 6:45 a.m., Walter came through the cell block and told the inmates to go down to the day room for breakfast as was the routine (*Id*. at 21-22).  At the time, Cotton was asleep and did not hear Walter (*Id*. at 22).  A short time later, however, Cotton's cellmate Savage told him that it was breakfast time.  Cotton jumped up, grabbed some hygiene products, and he and Savage attempted to exit their cell (*Id*.).  Before Savage, who was ahead of him, cleared the door, however, the door closed and trapped him (*Id*. at 23).  Cotton yelled for the door to be opened and Walter yelled back that he was trying to open up the doors but that the system is old and it takes some time (*Id*. at 24).  Walter also told Cotton to try and push the bars in the door back as it might help it open (*Id*. at 25).  Cotton and Savage attempted to push the bars in order to open the door (*Id*.).  The bars jerked, causing injury to Cotton's left arm and then suddenly opened, trapping Cotton's right wrist (*Id*.).  Cotton then yelled for the doors to close to release his wrist; 45 seconds to a minute later the doors closed and he was able to pull his wrist out (*Id*.).  Cotton received medical care almost immediately thereafter (*Id*.).

Cotton believes that Walter may have delayed in opening the doors because he was having a "bad day" even though he had "always been a good guy" (*Id*. p. 26).  And Cotton has observed other officers open the doors while they were part-way through the process of closing within seconds (*Id*. p. 27).  Cotton further believes that Walter's actions were malicious based on a "selfish-type of grin on his face, like a really, really smirk like" when he asked Cotton whether he needed to see a nurse (*Id*.).  Finally, there is some evidence that Cotton and Walter used foul language during this incident.

### DISCUSSION

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005).  The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).  A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Celotex,* 477 U.S. at 323.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.*  The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events."  *Steen v. Myers*, 486

F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

"The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits the 'unnecessary and wanton infliction of pain' on prisoners." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).  Generally, whether or not Cotton was a pretrial detainee at the time of the incident does not affect the analysis of his excessive force claim. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). However, the Supreme Court recently set forth a standard for pretrial detainees that is somewhat at odds with previous Eighth Amendment jurisprudence. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015) (discussing the excessive force claim of a pretrial detainee); *see Phillips v. Sheriff of Cook County*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016). The Supreme Court held a pretrial detainee pursuing an excessive force claim brought pursuant to the due process clause of the Fourteenth Amendment need "only show that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473. The Court juxtaposed this standard with that used in Eighth Amendment cases, where liability is premised on force that "was applied maliciously and sadistically to cause harm" – implicating a subjective standard. *Id*. at 2475 (quotation marks and citation omitted).

This distinction, however, is of minimal importance in this matter because there has been no showing that Walter's actions were anything more than negligent.  Cotton's own deposition testimony reveals that Walter did not intend to harm him (indeed any actions were an attempt to prevent further harm to another inmate) or that he recklessly caused any harm.  Rather, the evidence only reveals, at the very most, that he was negligent in ensuring that the doorways were clear before he closed the doors. *Id*. at 2472 (indicating "as we have stated, liability for

4

negligently inflicted harm is categorically beneath the threshold of constitutional due process" (quotation marks, emphasis, and citation omitted)).   That Walter may not have opened the door with sufficient alacrity or that he may have had a smirk on his face after the incident does not make his conduct anything more than negligent.   There has simply been no showing of any excessive force and no showing of a constitutional violation.

## CONCLUSION

For the foregoing reasons the Court **GRANTS** Walter's motion for summary judgment (Doc. 33) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   February 27, 2017**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**